CREATIVE EXTRUDED PRODUCTS, INC., Appellant,

v.

AMITY MOLD COMPANY, Appellee.

[Cite as *Creative Extruded Prods., Inc. v. Amity Mold Co.*, 179 Ohio App.3d 475, 2008-Ohio-6035.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 2008 CA 16.

Decided Nov. 21, 2008.

J. Steven Justice and Timothy G. Pepper, for appellant.

Douglas A. Fannin and Richard A. Boucher, for appellee.

WOLFF, Presiding Judge.

{¶ 1} Creative Extruded Products, Inc., appeals from the trial court's entry of summary judgment against it on its complaint to recover damages from appellee, Amity Mold Company, for allegedly manufacturing defective automobile parts.

{¶ 2} In its sole assignment of error, Creative Extruded contends the trial court "erred in granting summary judgment to appellee and in overruling appellant's motion for summary judgment." In support, Creative Extruded claims the trial court erred in finding that Amity has an exclusive contractual right to cure any defects in the parts it manufactured. Creative Extruded argues that no contractual right to cure exists. Even if such a right does exist, it contends, the parties' agreement does not make a right to cure the exclusive remedy. Assuming, arguendo, that a right to cure is the exclusive remedy, Creative Extruded also claims that enforcement of that remedy would fail in its essential purpose and would be unconscionable. Finally, Creative Extruded asserts that Amity has no statutory right to cure under Ohio's Uniform Commercial Code ("UCC"), R.C. Chapters 1301 to 1310.

{¶ 3} The record reflects that Amity manufactured plastic "pillar parts" for Creative Extruded, which sold the parts to a car company in Mexico. After Amity delivered the parts to Creative Extruded, a sticky substance called "promoter" was applied to them and they were shipped to Mexico. The contractual relationship between Amity and Creative Extruded continued from May 2005 through February 2006, when the manufacturing period ended. After receiving the last installment of pillar parts from Amity, Creative Extruded took possession of an injection mold and a special inspection instrument Amity had used to check the specifications of the parts it had manufactured.

{¶ 4} On March 15, 2006, the Mexican car company complained to Creative Extruded that several thousand of the pillar parts were shorter than the required length specification of 545.5 millimeters, plus or minus three millimeters, and therefore could not be used. Upon being informed of the problem, Amity asked for the parts to be returned from Mexico so they could be inspected and replaced at no charge if they were defective. Creative Extruded insisted there was not enough time for the parts to be shipped from Mexico and returned to Amity for inspection. Instead, Creative Extruded engaged another vendor to make new parts and ship them to Mexico within one week. Creative Extruded then sought to recover the money it had paid Amity plus various other expenses. Amity refused to pay, insisting it has a right to cure any defect by providing replacement parts.

{¶ 5} Creative Extruded filed the present lawsuit on May 26, 2006, seeking to recover damages from Amity. The parties later filed cross motions for summary

judgment. The primary issue was whether Amity has a contractual right or a statutory right under the UCC to cure any defect in the length of the parts it produced for Creative Extruded. The trial court found that Amity was entitled to judgment as a matter of law. It held that the parties' contract provides Amity with a right to cure any defect in the parts. Therefore, the trial court did not address the parties' various arguments regarding the UCC. It noted only that "[i]f the UCC applied instead of the contract provisions there would be factual issues to resolve to determine" whether Amity has a right to cure.

{¶ 6} On appeal, Creative Extruded contends that the trial court erred in finding that Amity has a contractual right to cure defects in the pillar parts. The trial court found such a right based on the following language printed on a price quotation from Amity to Creative Extruded:

{¶ 7} "10. Claims or rejections for shortage or defects must be made in writing to [Amity's wholly owned subsidiary] Kare Plastics, Co. at Tipp City, Ohio within ten days after receipt of merchandise.

{¶ 8} "11. Merchandise shall be returned only with our written authorization and according to our written specifications. We accept no responsibility for merchandise returned under any other conditions.

{¶ 9} "12. Credit in full will be rendered on all defective moldings after authority is given, provided they are returned within 10 days after the date of authorization to our factory and after we have an opportunity to inspect them. We shall not, however, issue credit on any moldings which have been altered or defaced in any way or upon which any additional operation has been performed."

{¶ 10} The trial court held that the reference to "credit in full" for defective moldings gives Amity a contractual right to cure. Creative Extruded argues that no explicit right to cure any defects is contained in the foregoing terms and conditions. Instead, the terms and conditions provide only that a credit will be given if defective parts are rejected within ten days of receipt and returned with Amity's authorization.

{¶ 11} Upon review, we agree that a contractual right to cure might exist if Creative Extruded had acted in accordance with the referenced terms and conditions to reject as defective the pillar parts Amity produced. In other words, Amity's contractual right to cure would arise only if Creative Extruded first exercised its remedy of rejection in the manner provided by the terms and conditions, which it did not do. Nor is Creative Extruded limited to that remedy. This is so because "[r]esort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy." R.C. 1302.93(A)(2); see also *M.G.A., Inc. v. Amelia Station, Ltd.*, Hamilton App. No. C–010606, 2002-Ohio-5091, 2002 WL 31127518, ¶ 13 (noting that "while courts

have upheld some contractual language as an adequate expression of the seller's intent to limit the buyer's remedies, the Uniform Commercial Code disfavors limitation of remedies and a presumption arises that a limiting clause provides a cumulative remedy rather than an exclusive one, unless it clearly states otherwise").

{¶ 12} In the present case, the terms and conditions do not clearly and expressly provide that rejection by Creative Extruded followed with a right to cure by Amity is the exclusive remedy for defective parts. Therefore, Creative Extruded may pursue other available remedies, and if it does, then Amity has no contractual right or duty to cure the defect. That outcome would apply where, as here, Creative Extruded proceeds to seek liquidated damages for its losses arising from Amity's alleged breach of contract. Consequently, the trial court erred in entering summary judgment in favor of Amity on the basis that the parties' contract precludes Creative Extruded from pursuing its claims for money damages. Having determined that a right to cure is not an exclusive contractual remedy, we need not address Creative Extruded's alternative argument that enforcement of a right to cure as an exclusive remedy would fail in its essential purpose and would be unconscionable.

{¶ 13} Creative Extruded also insists that Amity has no right to cure arising under the UCC. The trial court did not engage in any analysis of this issue, however, beyond correctly observing that "[i]f the UCC applied instead of the contract provisions there would be factual issues to resolve * * *." This language reveals that the trial court did not enter summary judgment against Creative Extruded on the basis of the UCC. To the contrary, it noted genuine issues of material fact that prevented summary judgment in either party's favor under the UCC. We agree with this conclusion. Because the trial court did not enter summary judgment on the basis of the UCC or engage in any analysis of it, we have no occasion to further address Creative Extruded's statutory arguments on appeal.

{¶ 14} Finally, Creative Extruded contends that the record fails to establish that the terms and conditions discussed above were part of the parties' contractual relationship. Specifically, Creative Extruded asserts that the terms and conditions were printed on an invoice for the injection mold used by Amity to make pillar parts. It claims that the record contains no invoice bearing the same terms and conditions for the pillar parts themselves. As a result, Creative Extruded contends that there is no proof that the terms and conditions applied to its purchase of pillar parts, as opposed to the injection mold. Creative Extruded also argues that it never agreed to the terms and conditions.

{¶ 15} The record reflects that the "invoice" referenced by Creative Extruded was a price quote from Amity for designing and building an injection mold to

create pillar parts. The quote states that it is subject to revision if not accepted by Creative Extruded within 30 days. It also contains the terms and conditions discussed above. Although the price quote relied on in summary judgment proceedings was a quote for an injection mold, Amity provided affidavits establishing that the same terms and conditions were found in all of its price quotations. In any event, we need not dwell on Creative Extruded's arguments about whether the terms and conditions were part of the parties' contractual relationship. The trial court did not explicitly address these arguments, which are immaterial in light of our determination above that Creative Extruded is not limited to the remedy contained in the terms and conditions, even if they do constitute part of the parties' agreement.

{¶ 16} Based on the reasoning set forth above, we sustain Creative Extruded's assignment of error insofar as it contends that the trial court erred in entering summary judgment in favor of Amity. The trial court's entry of summary judgment is reversed, and the cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

GRADY and DONOVAN, JJ., concur.